**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JONATHAN S. PINK, SB# 179685
   E-Mail: Jonathan.Pink@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Plaintiff MILAN BREWER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MILAN BREWER,<br><br>          Plaintiff,<br><br>     vs.<br><br>AXEL MORGAN,<br><br>          Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>1. **JUDGMENT OF JOINT AUTHORSHIP, OWNERSHIP, AND WRITING CREDIT;**<br><br>   **AND**<br><br>2. **ACCOUNTING**<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

180239854.3

1

COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MILAN BREWER ("Brewer" or "Plaintiff"), by and through his attorneys of record, for his Complaint against Defendant AXEL MORGAN ("Morgan" or "Defendant"), alleges as follows:

## PARTIES

1. Plaintiff Milan Brewer is an individual, hip-hop artist, songwriter, and vocal performer who resides in Miami, Florida.

2. Defendant Axel Morgan is an individual who resides in Los Angeles, California. Morgan is a songwriter and producer who collaborated with Plaintiff in creating and recording the musical work "Ridin Rollercoaster" (sometimes referred to herein as the "Work").

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff alleges in good faith, based upon the commercial exploitation of the Work described below, that the amount in controversy exceeds $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, including the creation, recording, exploitation, licensing, transfer, and/or other use of rights in the Work.

## GENERAL ALLEGATIONS

**A.    Creation of "Ridin Rollercoaster" and Plaintiff's Joint Authorship**

5. This action arises from Plaintiff's joint authorship and ownership interest in the musical work "Ridin Rollercoaster," and Defendant's subsequent exploitation of that Work without recognizing Plaintiff's authorship and without accounting to Plaintiff for Plaintiff's corresponding share of revenues attributable to the Work.

6. In or about April 2012, Brewer wrote and recorded lyrics and made

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

substantial creative contributions to the Work at Brewer's personal studio in Los Angeles, California, using Brewer's recording equipment, in collaboration with Morgan.

7.     During the April 2012 writing and recording session, Brewer wrote and performed original lyrics, recorded original vocals, and provided creative direction concerning the musical composition, instrumentation, emotional atmosphere, arrangement, and overall sound and direction of the Work. Morgan likewise made original creative contributions to the Work.

8.     Brewer's contributions were not merely ideas, suggestions, concepts, or directions. Brewer translated his creative contributions into fixed expression, including original lyrics and vocal performances that were recorded as part of the Work.

9.     The parties intended their respective contributions to be incorporated into a single musical work. Their contributions were in fact merged into the Work and were intended to function together as parts of a unitary whole.

10.     The original audio stems created during the April 2012 session preserve the parties' respective contributions and provide contemporaneous evidence of their collaborative creation of the Work. Brewer retained the original studio stems from the April 2012 session.

11.     Those stems contain embedded date and time information reflecting when the recordings were created and demonstrate the parties' collaborative writing and recording process.

12.     Brewer subsequently participated in a later mixing session during which his contributions to the Work were incorporated into the recording that ultimately became associated with Kendrick Lamar's commercially released recording "m.A.A.d city."

13.     Brewer also publicly posted "Ridin Rollercoaster" on SoundCloud in or about May 15, 2012.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

14.    Kendrick Lamar released "m.A.A.d city" on October 22, 2012. Brewer thereafter confirmed that his original lyrics and vocal performance from the Work were incorporated into the commercially released recording.

15.    On or about October 28, 2012, Brewer registered the Work with the United States Copyright Office. The resulting registration is attached hereto as Exhibit A.

16.    Brewer's 2012 copyright registration reflected his assertion of his authorship and copyright interest in the Work. Brewer did not, by registering the Work, relinquish or transfer his ownership interest to Morgan, nor did Brewer execute any agreement acknowledging Morgan as the exclusive author or owner of the Work.

17.    Plaintiff is informed and believes that forensic audio analysis confirms that "m.A.A.d city" contains Brewer's original vocal performance, lyrics, and other contributions from the Work.

**B.    Commercial Exploitation of the Work and Writing Credit**

18.    Plaintiff is informed and believes that Morgan and his business partner, Ricci Riera, represented themselves to third parties as possessing rights in the Work, and thereafter sold, licensed, transferred, or otherwise authorized the exploitation of rights in the Work, including its incorporation into and exploitation through "m.A.A.d city."

19.    Plaintiff is further informed and believes that Morgan and/or persons or entities acting on his behalf received or became entitled to receive revenues, royalties, advances, fees, publishing income, or other consideration attributable to the Work and its exploitation.

20.    Morgan received a songwriting/writing credit in connection with "m.A.A.d city." Riera likewise received a songwriting/writing credit in connection with "m.A.A.d city." Plaintiff did not receive a corresponding writing credit in connection with "m.A.A.d city" notwithstanding his authorship and substantial

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

creative contributions to the Work.

21.    Plaintiff seeks the same writing credit that Morgan received in connection with "m.A.A.d city," reflecting Plaintiff's status as a joint author of the Work.

22.    Plaintiff is informed and believes that Morgan and Riera received writing credits and economic benefits associated with the exploitation of the Work, while Plaintiff did not receive corresponding writer or co-author credit or his share of the revenues attributable to the Work.

23.    Plaintiff did not execute any agreement assigning, transferring, relinquishing, or otherwise surrendering his authorship or ownership interest in the Work, and Plaintiff's failure to receive writing credit did not result from any agreement by Plaintiff relinquishing his authorship, ownership or other rights.

24.    Plaintiff has consistently maintained that he is an author and owner of the Work and is entitled to receive the same writing credit afforded to Morgan in connection with "m.A.A.d city."

**C.    No Earlier Plain and Express Repudiation of Plaintiff's Ownership Interest or Right to Compensation**

25.    Although Plaintiff understood that he had contributed original authorship and performance to the Work and asserted his authorship and ownership interest, Morgan did not, in 2012, plainly and expressly repudiate Plaintiff's claimed co-ownership interest.

26.    In particular, and although the commercially released recording did not identify Brewer as a co-writer, neither the absence of credit nor the subsequent commercial exploitation of the Work was accompanied by an unequivocal communication from Morgan that Brewer had no ownership interest in the Work.

27.    Indeed, quite the opposite. Plaintiff understood that Morgan agreed that Brewer had contributed to and co-authored the Work, and because of this, Plaintiff and Morgan continued to discuss a potential resolution of this issue, with Morgan

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

suggesting, among other things, a potential financial buyout of Brewer's interest in the Work.

28.    Morgan did not, at any time before the events described below, provide Brewer with a written or oral statement expressly informing Brewer that Morgan claimed to be the sole author or owner of the Work, or that Brewer had no ownership interest in the Work, or that Morgan would categorically refuse to recognize Brewer's claimed ownership interest.

29.    To this end, following the creation and release of the Work, Brewer sought recognition of his authorship, the writing credit associated with his authorship and appropriate compensation from Morgan, while all the while directing his efforts toward resolving the parties' dispute without litigation.

30.    Brewer's efforts to resolve the dispute included seeking information concerning the parties' respective interests in the Work, the applicable ownership and writer splits, and information regarding the revenues generated by exploitation of the Work.

31.    Until the events described below, Morgan had not communicated to Brewer a plain and express repudiation of Brewer's claimed co-ownership interest sufficient to make clear that Morgan denied Brewer's ownership as a matter of law and would not recognize or honor that ownership interest. That changed in April 2026.

**D.    Defendant's Refusal to Recognize Plaintiff's Writing Credit and Compensation Associated with his Joint Authorship in the Work**

32.    Beginning in or about October 2025, Plaintiff retained counsel to assist in resolving the dispute concerning the Work.

33.    On or about October 27, 2025, Plaintiff's counsel contacted Morgan, together with his business partner Ricci Riera and the record label that released "m.A.A.d city," seeking to resolve this matter without litigation.

34.    On or about April 16, 2026, Plaintiff's counsel held a telephone

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

conference with Leon Morabia, counsel advising Morgan's business partner, Riera. During that communication, Morabia expressly stated in substance that Morgan and Riera rejected Plaintiff's claim of authorship and/or co-ownership of the Work. Plaintiff understood Morabia to be communicating Morgan's position concerning Plaintiff's claimed rights.

35.   Morgan's April 16, 2026 repudiation constituted the first plain and express repudiation communicated to Plaintiff of Plaintiff's right to his co-ownership interest and/or any rights arising from the Work's exploitation.

36.   Before April 16, 2026, Morgan had not plainly and expressly repudiated Plaintiff's claimed ownership interest in, or rights arising out of Morgan's exploitation of, the Work.

37.   Notwithstanding Morabia's rejection of Plaintiff's contentions as set forth above, in an effort to potentially work towards a resolution of this matter, Morabia offered during that same April 16, 2026 telephone call to share with Plaintiff's counsel the "splits" -- meaning the percentage of the writing credit – that Morgan and Riera had each received in connection with the incorporation of the Work into "m.A.A.d city."

38.   Despite that promise to provide these "splits," and notwithstanding several follow-up emails from Plaintiff's counsel to Morabia, Morabia never in fact provided that information.

39.   Accordingly, in an email dated April 29, 2026, with a copy sent to Morgan, Plaintiff's counsel again wrote to Morabia: "Leon, following up again. You indicated you would provide me with the existing splits on 'M.a.a.d. City.' Can I still expect to receive that? Alternatively, are you authorized to accept service on behalf of Messrs. Riera and/or Morgan?"

40.   Neither Morabia nor Morgan responded to that communication. As such, Morabia's April 16, 2026 repudiation constituted the first clear manifestation to Plaintiff that Morgan would not recognize Plaintiff's claimed co-ownership

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

interest or voluntarily provide Plaintiff the rights and benefits Plaintiff claimed as a co-author, and his refusal to re-engage after that call indicated Morgan had no intention of backing away from this position.

41.     To the extent Defendant contends that Plaintiff's ownership claim accrued before April 2026, Plaintiff denies that contention and alleges that no earlier act or omission constituted a plain and express repudiation of Plaintiff's ownership interest.

42.     The prior absence of credit, commercial exploitation of the Work within "m.A.A.d city," and/or the receipt of revenues by Morgan in connection with the foregoing, standing alone and absent an unequivocal communication expressly repudiating Plaintiff's ownership in the Work and/or his rights that flowed from that interest, did not constitute the requisite plain and express repudiation required, particularly where Morgan continued to discuss the matter with Plaintiff and proposed a potential financial buyout of Plaintiff's interest.

43.     Plaintiff commenced this action within three years of Morgan's April 16, 2026 repudiation as described above.

**E.     Defendant's Exploitation of the Work and Failure to Account**

44.     Plaintiff is informed and believes and thereon alleges that Morgan represented himself and/or permitted others to represent him and Riera as possessing complete ownership or control over the rights in the Work, and based on those representations, Morgan has authorized or participated in the exploitation of those rights.

45.     To this end, Plaintiff is informed and believes that Morgan sold, licensed, transferred, and/or otherwise exploited rights in the Work such that portions of the same were subsequently embodied in or incorporated into "m.A.A.d city."

46.     Plaintiff is informed and believes and thereon alleges that as a result of the foregoing, Morgan has received or become entitled to receive revenues,

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

royalties, advances, fees, publishing income, and/or other consideration arising from such exploitation of the Work.

47. Plaintiff is further informed and believes that revenues attributable to the Work have been paid to Morgan and/or persons or entities acting on his behalf.

48. As a co-author and co-owner of the Work, Plaintiff is entitled to his corresponding undivided ownership interest in the same, along with his proportionate share of revenues and other economic benefits derived from any exploitation of that Work.

49. As a co-owner, Morgan is obligated to account to Plaintiff for revenues and profits received from his use, licensing, exploitation, or other monetization of the jointly owned Work.

50. Morgan has not provided Plaintiff with a complete accounting of such revenues.

51. Morgan possesses information concerning agreements, licenses, transfers, advances, royalties, fees, publishing income, and other consideration relating to the Work that is not reasonably available to Plaintiff without discovery and an accounting.

52. Plaintiff therefore seeks an accounting of all amounts received, earned, or retained by Morgan that are attributable to the Work, together with Plaintiff's corresponding share of such amounts, to the extent recoverable under applicable law.

## FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT OF JOINT AUTHORSHIP, OWNERSHIP AND WRITING CREDIT

### (28 U.S.C. §§ 2201–2202)

53. Plaintiff incorporates and realleges all preceding paragraphs as though fully set forth herein.

54. An actual and justiciable controversy presently exists between Plaintiff

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

and Morgan concerning Plaintiff's authorship and ownership interest in the Work, Plaintiff's corresponding rights to revenues derived from exploitation of the Work, Morgan's obligation to account for such revenues, and Plaintiff's entitlement to receive writing credit reflecting his authorship of the Work.

55. Plaintiff contends that he and Morgan jointly authored the Work and, in the absence of any agreement providing otherwise, each holds an undivided ownership interest in the Work.

56. Plaintiff's contributions to the Work were substantial and valuable and included independently copyrightable expression fixed in the Work. Plaintiff contributed original lyrics and vocal performances and participated in the creation, development, recording, and direction of the Work.

57. Plaintiff intended his contributions to be merged with Morgan's contributions into a single musical work, and the parties' contributions were in fact merged into the Work.

58. Plaintiff's contributions were not merely ideas or suggestions. They were fixed expressions that form part of the Work and are incorporated into the commercially exploited recording associated with "m.A.A.d city."

59. Morgan has disputed Plaintiff's claimed authorship and ownership interest and has refused to recognize Plaintiff's claimed rights in the Work.

60. Plaintiff is entitled to a declaration that he is a joint author and co-owner of "Ridin Rollercoaster" and possesses an undivided ownership interest therein.

61. Plaintiff is further entitled to a declaration that, by virtue of his status as a joint author of the Work, he is entitled to have his authorship accurately reflected in the applicable writer and authorship credits associated with the Work and its exploitation.

62. Plaintiff is entitled to a declaration that he is must receive the same writing credit that Morgan received in connection with "m.A.A.d city."

180239854.3

10

COMPLAINT AND DEMAND FOR JURY TRIAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

63.     Plaintiff does not seek to impose a freestanding right of attribution divorced from Plaintiff's claimed authorship and ownership interest in the Work. Rather, Plaintiff seeks a declaration establishing the parties' respective authorship and ownership interests and the relief that necessarily flows from a determination that he is a joint author in the Work, *i.e.* a determination that Plaintiff is entitled to the same writing credit as Morgan received in connection with "m.A.A.d city."

64.     A declaration concerning Plaintiff's authorship, ownership, and corresponding writing credit is necessary and appropriate because Morgan has disputed those rights and continues to exercise or permit others to exercise rights in the Work.

65.     Plaintiff therefore seeks declaratory relief determining the parties' respective authorship and ownership interests in the Work and declaring Plaintiff's entitlement to the same writing credit Morgan received in connection with "m.A.A.d city," together with such further relief as is necessary to give effect to those determinations.

## SECOND CAUSE OF ACTION

### ACCOUNTING

66.     Plaintiff incorporates and realleges all preceding paragraphs as though fully set forth herein.

67.     Plaintiff and Morgan jointly authored the Work and are therefore co-owners of the copyright in the Work.

68.     As co-owners of the Work, Plaintiff and Morgan have corresponding rights and obligations concerning revenues generated from exploitation of the Work.

69.     Plaintiff is informed and believes that Morgan has received and/or controlled revenues, royalties, advances, fees, publishing income, and other consideration arising from exploitation of the Work without providing Plaintiff with a complete accounting of the same.

70.     Plaintiff is informed and believes that Morgan has received or

180239854.3

11

COMPLAINT AND DEMAND FOR JURY TRIAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

controlled sums attributable to the Work, including those arising from exploitation of the Work in connection with "m.A.A.d city," again without providing Plaintiff with a complete accounting of the same.

71. Plaintiff cannot determine the full amount of revenues, profits, royalties, advances, fees, publishing income, or other consideration received or controlled by Morgan without access to records in Morgan's possession, custody, or control.

72. Plaintiff is therefore entitled to a full accounting of all revenues, consideration, royalties, fees, advances, publishing income, and other economic benefits received or controlled by Morgan that are attributable to the Work, together with payment to Plaintiff of his corresponding share, prejudgment and post-judgment interest to the extent permitted by law, and such other relief as the Court deems appropriate.

73. The accounting sought herein is ancillary to and arises from the parties' relationship as co-owners of the Work and Morgan's corresponding obligation to account to Plaintiff for revenues and profits derived from exploitation of jointly owned rights.

74. Plaintiff seeks all amounts recoverable under applicable law, including amounts attributable to exploitation occurring within the applicable limitations period and any earlier amounts recoverable as an incident or remedy of Plaintiff's timely claim to establish his co-ownership interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant as follows:

A. For a declaration that Plaintiff is a joint author and co-owner of "Ridin Rollercoaster";

B. For a declaration determining Plaintiff's undivided ownership interest in the Work;

180239854.3

12

COMPLAINT AND DEMAND FOR JURY TRIAL

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

C.      For a declaration that Plaintiff is entitled, by virtue of his status as a joint author of the Work, to receive the same writing credit that Defendant Morgan received in connection with "m.A.A.d city";

D.      For such declaratory and/or other appropriate relief as may be necessary to give effect to this Court's determination of Plaintiff's authorship and writing credits associated with the Work and its exploitation in connection with "m.A.A.d city";

E.      For a full and complete accounting of all revenues, royalties, advances, fees, publishing income, consideration, profits, and other economic benefits received, earned, or controlled by Defendant attributable to the Work and its exploitation;

F.      For payment to Plaintiff of his corresponding share of such revenues, profits, and other economic benefits, in an amount to be determined through discovery and at trial;

G.      For prejudgment and post-judgment interest to the extent permitted by law;

H.      For costs of suit; and

I.      For such other and further relief as the Court deems just and proper.

DATED:  August 11, 2026          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
JONATHAN S. PINK
Attorneys for Plaintiff



COMPLAINT AND DEMAND FOR JURY TRIAL

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable in this action.

DATED:  August 11, 2026                 LEWIS BRISBOIS BISGAARD & SMITH LLP


By: _____
      JONATHAN S. PINK
      Attorneys for Plaintiff

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

180239854.3                                        14
                    COMPLAINT AND DEMAND FOR JURY TRIAL